# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

MAY − 9 2018

Clerk, U.S. District Court
By _____ Deputy Clerk

Michael T. Cochran,　　　　　　)

pro se,　　　　　　　　　　　　)

Plaintiff,　　　　　　　　　　 )

vs.　　　　　　　　　　　　　　)

City of Wichita, et. al.　　　 )

Defendants　　　　　　　　　　 )

_____ )

Case Number: 18-CV-1132-JWB-K66

## CIVIL COMPLAINT

Parties to this civil action:

**I.**　　　　　　**A.** Name of plaintiff: Michael T. Cochran

　　　　　　Address;　　　　Homeless

　　　　**B.** Defendant:　　　City of Wichita, Kansas, et. al.

## C.　ADDITONAL DEFENDANTS:

1. City of Wichita, City Council Person, Lavonta Williams; Council Member District I

2. City of Wichita, City Council Pete Meitzner;  Council Member  District II

3. City of Wichita, City Council James Clendenin; Council Member District III

4. City of Wichita, City Council Jeff Blubaugh; Council Member District IV

5. City of Wichita, City Council Bryan Frye; Council Member District V

6. City of Wichita, City Council and Vice Mayor; Janet Miller; Council Member, District VI and Vice Mayor

7. City of Wichita, City Mayor; Jeff Longwell

8. City of Wichita Police Department Hot Team Officer Nate Schiethale

9. City of Wichita Police Department Hot Team Officer Sgt. Brett Stull

10. City of Wichita Police Department Hot Team Officer Lisa Berg

11. City of Wichita Police Department Hot Team Officer Dave Neinsted

> City Hall
>
> 455 N Main St,
>
> Wichita, KS 67202

**II)**                           **JURISDICTION**

This case arises under the following sections of the Constitution of the United States or statutes of the United States:

(See 28 U. S. C. § 1331 "The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

This case also arises because of violations of civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of the United States. (28 U. S. C. § 1343 (a) The District Courts shall have original jurisdiction of any civil action authorized by law commenced by any person:

1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42 (42 U. S. C. § 1985 (2) ...if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice, in any State or territory, with intent to deny to any citizen the equal protection of the laws, or to injure him in his property, for lawfully enforcing or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; and 42 U. S. C. § 1985

2) To recover damages from any person who fails to prevent or aid to prevent any wrongs mentioned in 42 U. S. C. § 1985 which he had knowledge were about to occur and the power to prevent;

3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

4) To recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

**III.        Statement of Facts and Statement of Claim;**

## A)    FACTS:

1)    Plaintiff came to Wichita, Kansas in approximately June of 2015 and in
August of 2015 Plaintiff set up a tent with belongings on top of a hill in
approximately the north-central portion of a lot which he much later learned
is City of Wichita/public property officially described in the records of the
City of Wichita as 6919 E. Osie Cir.; Wichita, Kansas and described as
"LOT 1 EAST SUBSTATION ADD." And land use as "4331 Drinking
water purification/distributi".

2)    Plaintiff asserts that from June 2015 through February 19, 2016 there were
no postings or means to identify this property as City of Wichita property,
public property and that there were also no posting regarding no
trespassing, no loitering, no camping or any signs at all.

3)    Plaintiff asserts that during the time prior to February 19th, 2016 that he
was never advised by any authority or non-authority that his presence was
illegal, that camping there or anywhere was illegal, or that he was
trespassing.

4)    Plaintiff asserts that during this aforementioned time that he was in every
effect or means living on this property in his tent, remaining there each
night and during most days unless having left to do errands or to work.

5)    Plaintiff asserts that on the mornings between 8:00 am and 9:00 am of
Monday, February 15, 2016 through February 17, 2016 that he observed a

white van parked outside his tent which drove off  each day as he existed is

tent and that on February 17, 2015 he was able to approach his van close

enough to get a partial Kansas license plate number "CNR".

6)    Plaintiff asserts that on Thursday, February 18th, 2016, Plaintiff received a

work assignment and left camp at approximately 6 am and returned at

approximately 8:00 pm to find his tent with the belongings inside turned

completely over and the zipper opening unzipped. Plaintiff reset the tent

and spent the night there.

7)    Plaintiff asserts that on Friday, February 19th, 2016, Plaintiff had a repeat

work assignment and left again at 6:00 am and returned at 8:00 pm; but

upon returning discovered all of his property gone and was therefore forced

to go to a shelter due to weather conditions. If it had not been for Plaintiff

having a moped he would probably had died that night from exposure

to the elements because the local bus system had already stopped operating.

8)    Plaintiff asserts that there was never any notice or warning of any kind on

his tent or anywhere near his tent to alert him to vacate by any authority or

non-authority Plaintiff later learned that the HOT team had a white van

which had a Kansas license plate number of "257 CNR" that they used for

transporting homeless to shelters and homes or other errands.

9)    Plaintiff asserts that on Sunday, February 21st, 2016, Plaintiff returned to

6919 E. Osie to search the area for any evidence of who might have taken

his property and to speak to two other persons who also kept campsites on the property and ask if they had witnessed anything. Upon walking up to the first tent which was located in the most remote area of the property in the north west side of the property, Plaintiff found a notice to vacate duct-taped to this other person's tent which had the phone number for the Wichita Police Department's Homeless Outreach Team, otherwise known as the HOT team.

10)    Plaintiff was forced to stay at the Over-flow winter shelter until it closed in March and then had to stay at the Union Gospel Mission located at 2800 North Hillside, Wichita, Kansas.

11)    On Monday, February 22nd, 2016, Plaintiff called the HOT Team and spoke to a woman officer of the Wichita Police Department who identified herself as Officer Berg (Officer Lisa Berg; Wichita Police Department). Plaintiff asked Officer Berg if they had taken his campsite and Office Berg asked where it had been and advised Plaintiff of the "no camping ordinance." Plaintiff told Officer Berg he had received no notice to vacate and demanded to know why his stuff had been taken. Officer Berg informed Plaintiff that they, "could take whatever they wanted to, anytime they wanted to, from whomever they wanted to." To this Plaintiff inquired, "Well if that is true, then why did you put a notice on one person's tent but no one else's?" Officer Berg replied, "Oh! Well, if one of you got notice

then all of you got notice." I responded, "I do not believe that satisfies the requirements of Sixth Amendment, US Constitutional rights. You have to give ME a notice." Officer Berg then began to stutter and finally stated, "… well we don't even know if we took it or not." She then took Plaintiff's cell phone number promising to check into it and call Plaintiff back that day or the next day. She never called Plaintiff back. Plaintiff attempted several times afterwards to contact the HOT team but after these attempts gave up because he never got any return calls from the messages he left when he was able to get through and most times only got recordings and/or music being played; basically CRICKETS.

12)    Plaintiff asserts that on Wednesday, February 24th, 2016, Plaintiff took pictures of the entire area, garbage in the area, the other sites and the crop circle which was his former campsite. It was reasonably clear that the city workers had not cleaned up the area because only Plaintiff's campsite had been removed.

13)    Plaintiff asserts that on Wednesday, March 9th, 2016, Plaintiff went back to 6919 E Osie and took a whole new set of pictures with his personal camera which he had bought. It was a new camera to the Plaintiff so he was unable to adjust the date stamp or remove it from the pictures at that time.

14)    Plaintiff asserts that due to the theft and/or deprivation of Plaintiff's campsite and property without due process or notice and the weather

conditions Plaintiff was forcefully interned at the Over-flow shelter of the

Interfaith Inn and once it closed on March 31st he was then forcibly

interned at the Union Gospel Mission on North Hillside until Friday, May

27th, 2016 under cruel and unusual conditions in both locations.

15)  Plaintiff asserts that on Thursday, May 26th, 2016, Plaintiff again stayed at

the Mission and parked his moped in the parking lot out front in the parking

place closest to the entry way. At approximately 4:30 am on Friday, May

27th, 2016 Plaintiff came out to leave the Mission and found that his moped

was stolen. Plaintiff went back to the Mission and reported the theft to

Wichita Police Department via 911 call because dispatcher refused to send

an officer.

16)  Plaintiff left the Mission on May 27th, 2016 and has never returned since.

17)  Plaintiff asserts that Wichita Police Department has not made any contact in

regards to the theft of his moped since that time to present.

18)  Plaintiff asserts he has lost his job due to the theft of his moped.

19)  Plaintiff asserts he must now use public transportation and is limited by its

hours and areas of operations, thus denying Plaintiff's right to travel.

20)  Plaintiff asserts he must now panhandle to acquire funds in order to survive

and obtain basic necessities.

21)  Plaintiff asserts that on Sunday, 11/13/2016, Plaintiff was in the downtown

area of Wichita and needed a place to lay out his sleeping bag and get some

sleep. The Plaintiff went to an place in which he had stayed numerous times

before which had not been posted for no trespassing, and he had received

permission to stay there.

22)    Plaintiff asserts that on Monday, 11/15/2016 that at approximately 7:30 am.

to 8:00 am that he was stopped and detained by Wichita Police Department

Homeless Outreach Team Officer Nate Schiethale inside an enclave which

could not be seen from public view. The officer claimed to be responding to

a complaint about someone sleeping there. The officer explained he was

with the Wichita Police Department HOT Team. Plaintiff accused the

officer of being those whom had stolen his camp and moped. Plaintiff also

stated he wanted nothing from the HOT Team except their SOP (Standard

Operating Procedures). Officer apologized for taking Plaintiff's camp if was

not abandoned. Officer contended he was there to help and not like other

officers who would have arrested him under the "no camping ordinance".

Officer stated that if Plaintiff answered questions he would be free to go.

Officer also admitted to the possession and use off a white van by the HOT

Team and confirmed that the Wichita Police "Could take whatever they

want, from whomever they want, whenever they want." Plaintiff asked

officer if his body cam was on and officer confirmed that it was. Plaintiff,

recognizing the threat the officer posed in "answering questions and he

could go" went answered questions after meeting officer outside the enclave

next to he officer's pickup truck.

23) Plaintiff had three separate contacts with Officer Nate Schwiethale on

Monday, 11/15/2016 for which the above paragraph describes briefly the

first contact. Plaintiff acquired the body cam video which was supposed to

contain all three contacts, however the above mentioned contact was not on

the DVD disk and was either never made or destroyed. Outside the

enclosed area, in the parking lot, by Officer Nate's police truck; and the

contact which Plaintiff had over by the HOT Team Office and the Open

Door are on the Police certified DVD disk.

24) Plaintiff asserts hat even though he did cooperate with the officer he never

did receive the HOT Team SOP.

25) <u>The Wichita City Ordinance, Chapter 5.20.- Camping on Public Property</u>

<u>Without A Permit</u> was unanimously passed by the Wichita City Council by a 7-0 vote on

or about June 21, 2013.

## B)    CLAIMS:

### (1)    PLAINTIFF CLAIMS <u>"NO BEDS, NO ARREST"</u>

### <u>STANDARD UNCONSTITUTIONAL</u>

Plaintiff claims that the present standard to determine the U. S. Constitutionality of

camping laws, which is known as the "no beds, no arrest" standard is in itself also

unconstitutional.

Plaintiff claims that the "no beds, no arrest" standard established under <u>Statement of</u>

Interest Of The United States, Bell vs Boise, No 1:09-cv-00540, ECF No. 276 (D. Idaho Aug. 6, 2015); and City of N. Bend vs Joseph Bradshaw, No. Y12346A (Muni Court of Issaquah); and Everett vs Bluhm et. Al., No. CRP 7006 (muni Court of Everett Jan. 12, 2016) violates and denies his U. S. Constitutional Rights protected under the U. S. Constitution, Amendments 1, 4, 5, 6, 8, 9, and 14, Section 1.

Plaintiff claims that the "no beds, no arrest" standard violates his rights protected under the U. S. Constitution, Amendment 1, whereby the standard denies the Plaintiff the right to freedom of speech and expression, wherein Plaintiff has the right to choose to be homeless and his rights cannot be criminalized just by the existence of an open bed somewhere.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 4, whereby the standard allows an open bed somewhere to trigger an alleged crime wherein the Plaintiff can be deprived of his right to be homeless and denied his right to be secure in his person place and things, and to be free from unreasonable search and seizure.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 5, whereby the standard allows that Plaintiff can be deprived of life, liberty, or property, without due process of law; and then forcibly interned in a shelter system or jail just for exercising his right to be homeless.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 6, whereby the alleged crime triggered by this open bed

somewhere could not be known to Plaintiff whether he wanted to choose to use that bed or not, therefore the standard violates and deprives the Plaintiff of his right to notice and due process.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 8, whereby the standard permits law enforcement to punish the Plaintiff for making the choice to be homeless which is not a crime, and therefore is a cruel and unusual punishment in any degree.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 9, whereby that the right and choice to be homeless is not an enumerated right under the U. S Constitution it is never-the-less still a right and still protected.

Plaintiff claims that the "no beds, no arrest" standard violates his rights under the U. S. Constitution, Amendment 14, Section 1, whereby the standard allows the states (and municipalities) the authority to make a law which does abridge the privileges and immunities of the Plaintiff; and also allows the states (and municipalities) the authority to deprive the Plaintiff of his life, liberties and properties without due process of law; and also the standard violates and denies Plaintiff the equal protection of the laws whereby the standard is discriminatory and is only enforced against the homeless, not persons whom have apartments, homes, or other living accommodations for which they choose to live in.

## (2)   PLAINTIFF CLAIMS  WICHITA CITY ORDINANCE, CHAPTER 5,20.-CAMPING ON PUBLIC PROPERTY WITHOUT A PERMIT IS UNCONSTITUTIONAL

Plaintiff claims that the Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit is unconstitutional on its face wherein it deprives Plaintiff of his right under the U. S Constitution, Amendment 1, wherein prohibits the free exercise of religion, abridges the freedom of speech and freedom of expression, freedom of choice, and freedom to peaceably assemble; and also under the U. S. Constitution, Amendment 4, wherein, violating Plaintiff's right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures: and also violates Plaintiff's right under the U. S. Constitution, Amendment 5, wherein, Plaintiff has the right to put not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation; and also the U. S Constitution, Amendment 6, violating Plaintiff's rights in a criminal prosecution,  as the accused to enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the alleged crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to

have the Assistance of Counsel for his defense; and also under the U. S. Constitution, Amendment 8, violating Plaintiff's right to not be subjected to or have cruel and unusual punishments inflicted upon him; and also under the U. S. Constitution, Amendment 9, wherein, Plaintiff's right to be homeless is not and enumerated right however, the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people; and also under the U. S Constitution, Amendment 14, Section 1, wherein Plaintiff is a United States citizen from birth, and the Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit allows the State (City of Wichita) to make and enforce  laws which shall abridge the privileges or immunities of Plaintiff and citizens of the United States, and allow the States to deprive Plaintiff and citizens of the United States of life liberty and property, without due process of law, and also under the U. S. Constitution, Amendment 14, Section 1, wherein the Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit does allow the States (City of Wichita) to deny to Plaintiff the equal protection of the laws, wherein this standard permits the forced internment of Plaintiff based on the availability of a bed, for which the availability of the bed triggers a crime for which Plaintiff has a right to refuse for any reason and for which this crime triggered by the availability of a bed may or may not even be known to Plaintiff, and also that this the Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit would and has been used only to forcibly intern the Plaintiff because he was homeless which is not a crime, and not be used against anyone else but the

Plaintiff and other homeless citizens of the United States.

Plaintiff claims that Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit is unconstitutional under the U. S. Constitution, wherein the ordinance is facially a content biased ordinance denying specific constitutionally protected speech and expression, protected under the U. S Constitution, Amendment 1; "Congress shall make no law …abridging the freedom of speech…or the right of the people peaceably to assemble…"

Plaintiff claims that Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit is unconstitutional under the U. S. Constitution, wherein the ordinance is facially an Ex Anti restriction unconstitutionally denying the expression of the idea before the idea is expressed, being a prior restraint, having a dissuasive effect (chilling effect) violating the U. S. Constitution, Amendment 1; "Congress shall make no law …abridging the freedom of speech…or the right of the people peaceably to assemble…"

Plaintiff claims that Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit is unconstitutional under the U. S. Constitution, wherein the ordinance is facially unconstitutionally overbreadth and unconstitutionally vague, wherein there are no limits to the enforcement, nor could men of common intelligence read the ordinance and would guess at the ordinance's meaning and differ as to its application and enforcement violating the U. S. Constitution, Amendment 1; "Congress shall make no law …abridging the freedom of speech…or the right of the people

peaceably to assemble…"

Plaintiff claims that Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit is unconstitutional under the U. S. Constitution, wherein the ordinance is facially discriminatory and violates the U. S. Constitution, Amendment 14, Section 1; "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

### (3)    PLAINTIFF CLAIMS HE HAS A RIGHT TO BE HOMELESS, (WAIVER OF RIGHTS)

Plaintiff claims that homelessness is a right. That the right to be homeless is protected under the U. S Constitution, Amendment 1 as a right to freedom of expression and freedom of choice. Plaintiff claims the right to be homeless is not an enumerated right however protected under the U. S. Constitution, Amendment 9, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Plaintiff claims the right to be homeless is also protected under the privileges and immunities clause of the U. S. Constitution,  Amendment 14, Section 1, and the due process clause. Plaintiff claims that the police powers doctrine of the U.S. Constitution, Amendment 10 have such limits which are obvious and may not be in

conflict with the U. S. Constitutional rights of citizens within the State's jurisdictions.

Plaintiff claims that according to the decisions of the U. S. Courts that rights may not be

turned into privileges by attaching fees, licensing or a tax, nor can rights be wavered

under duress and must be wavered only knowingly, intelligently and voluntarily.

Plaintiff claims that accordingly, that the States have no authority to forcible intern

homeless people to include the Plaintiff herein, but if that the States insist upon

eradication or extermination of the homeless they have no other authority or rights under

any laws to legally do so unless they can make a deal with that individual homeless

person for which the homeless person may agree not to continue to be homeless within

the jurisdiction of the pertinent jurisdiction's authority for a price.

**Plaintiff claims that he shall waiver his right to be homeless within the jurisdiction**

**of the City of Wichita for the price of $2,000,000.00.**


**CLAIMS AGAINST DEFENDANTS:**

**DEFENDANT #1; City of Wichita, City Council Person, Lavonta Williams;**

**Council Member District 1**

1) Plaintiff claims that City of Wichita, City Council Member District I, Lavonta

   Williams; did under color of law and/or in her individual capacity, did with malicious

   intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's

   rights under the **U.S. Constitution** by conspiring with other members of the city

   council and members of the Wichita Police Department and then voting for on or

about June 21, 2013 for the passage of <u>Wichita City Ordinance, Chapter 5.20.-</u>

<u>Camping on Public Property Without A Permit</u> violating and depriving Plaintiff of

rights under the following Amendments of the  **<u>U. S. Constitution:</u>**

a. **<u>Amendment I;</u>** Plaintiff has the right to choose to be homeless as a matter of

   freedom of speech, and/or freedom of expression, and/or freedom of religion,

   and or freedom of peaceable assembly. <u>(U.S. Const., Amend 1; "Congress shall</u>

   <u>make no law respecting an establishment of religion, or prohibiting the free</u>

   <u>exercise thereof; or abridging the freedom of speech… or the right of the</u>

   <u>people peaceably to assemble…").</u>

b. **<u>Amendment IV:</u>** Plaintiff had a right to be secure in his campsite, his moped

   and his person and free from search and seizure of his campsite property; his

   moped, and his person (forced internment) <u>(U.S. Const., Amend 4 ; "The right</u>

   <u>of the people to be secure in their persons, houses, papers, and effects, against</u>

   <u>unreasonable searches and seizures, shall not be violated, and no Warrants</u>

   <u>shall issue, but upon probable cause, supported by Oath or affirmation, and</u>

   <u>particularly describing the place to be searched, and the persons or things to be</u>

   <u>seized")</u>

c. **<u>Amendment V</u>**: Plaintiff had a right to not be deprived of his campsite,

   moped, or his liberties/person (forced internment) without a notice and due

   process of law <u>(U.S. Const., Amend. 5; "No person shall… be deprived of life,</u>

   <u>liberty, or property, without due process of law;)</u>

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitution    and the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or disparage the right retained by the Plaintiff. (U. S. Const., Amend 9, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.")

e. **Amendment XIV, Section 1;** Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District I, Lavonta Williams City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita, City Council Member District I, Lavonta Williams City of Wichita, State of Kansas, shall not deprive Plaintff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law  (U. S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of

the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…")

f. **Amendment XIV; Section 1**: Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District I, Lavonta Williams City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws. (U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws.")

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

**DEFENDANT #2;** City of Wichita, City Council Pete Meitzner; Council Member

District II

1) Plaintiff claims that City of Wichita, City Council Member District II, Pete

   Meitzner; did under color of law and/or in his individual capacity, did with

   malicious intent, and/or wanton misconduct, and/or with reckless disregard

   violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other

   members of the city council and members of the Wichita Police Department and

   then voting for on or about June 21, 2013 for the passage of <u>Wichita City</u>

   <u>Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u>

   violating and depriving Plaintiff of rights under the following Amendments of the

   **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter

      of freedom of speech, and/or freedom of expression, and/or freedom of

      religion, and or freedom of peaceable assembly. <u>(U.S. Const., Amend 1;</u>

      <u>"Congress shall make no law respecting an establishment of religion, or</u>

      <u>prohibiting the free exercise thereof; or abridging the freedom of speech…</u>

      <u>or the right of the people peaceably to assemble…"</u>).

   b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his

      moped and his person and free from search and seizure of his campsite

      property; his moped, and his person (forced internment) <u>(U.S. Const.,</u>

      <u>Amend 4 ; "The right of the people to be secure in their persons, houses,</u>

papers, and effects, against unreasonable searches and seizures, shall not be

violated, and no Warrants shall issue, but upon probable cause, supported

by Oath or affirmation, and particularly describing the place to be searched,

and the persons or things to be seized")

c. **Amendment V**: Plaintiff had a right to not be deprived of his campsite,

moped, or his liberties/person (forced internment) without a notice and due

process of law (U.S. Const., Amend. 5; "No person shall... be deprived of

life, liberty, or property, without due process of law;)

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a crime,

and for which cannot be criminalized, which is not enumerated in the U. S.

Constitutionand the failure of the right to homeless not being enumerated in

the U. S. Constitution shall not be construed to deny or disparage the right

retained by the Plaintiff. (U. S. Const., Amend 9, "The enumeration in the

Constitution, of certain rights, shall not be construed to deny or disparage

others retained by the people.")

e. **Amendment XIV, Section 1**;  Plaintiff had a right as a natural born U. S.

Citizen of the United States of America and presently residing in the City of

Wichita, State of Kansas, whether residing here under duress or not, to be

free from the City of Wichita, City Council Member District II, Pete

Meitzner; City of Wichita, State of Kansas making and enforcing Wichita

City Ordinance, Chapter 5.20.- Camping on Public Property Without A

Permit which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita, City Council Member District II, Pete Meitzner City of Wichita, State of Kansas, shall not deprive Plaintff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law (U. S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law...")

f.  **Amendment XIV; Section 1**:  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District II, Pete Meitzner; City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws. (U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United

<u>States and of the State wherein they reside. No State shall make or enforce</u>

<u>any law which shall…deny to any person within its jurisdiction the equal</u>

<u>protection of the laws."</u>)

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of

use of his property indefinitely and lost his job and employ ability and was

subsequently forced to panhandle to survive. Plaintiff claims actual damages due

to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at

$20,000.00 per violation or deprivation.

**DEFENDANT #3; City of Wichita, City Council James Clendenin; Council**

**Member District III**

1) Plaintiff claims that City of Wichita, City Council Member District III, James

Clendenin; did under color of law and/or in his individual capacity, did with

malicious intent, and/or wanton misconduct, and/or with reckless disregard

violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other

members of the city council and members of the Wichita Police Department and

then voting for on or about June 21, 2013 for the passage of <u>Wichita City</u>

<u>Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u>

violating and depriving Plaintiff of rights under the following Amendments of the

**U. S. Constitution:**

    a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter

of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. (U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…").

b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized")

c. **Amendment V:** Plaintiff had a right to not be deprived of his campsite, moped, or his liberties/person (forced internment) without a notice and due process of law (U.S. Const., Amend. 5; "No person shall… be deprived of life, liberty, or property, without due process of law;)

d. **Amendment IX:** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitutionand the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or disparage the right

retained by the Plaintiff. <u>(U. S. Const., Amend 9, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.")</u>

e. **Amendment XIV, Section 1**;  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District III, James Clendenin; City of Wichita, State of Kansas making and enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u>  which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita, City Council Member District III, James Clendenin; City of Wichita, State of Kansas, shall not deprive Plaintff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law  <u>(U. S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…")</u>

f. **Amendment XIV; Section 1**:  Plaintiff had a right as a natural born U. S.

Citizen of the United States of America and presently residing in the City of
Wichita, State of Kansas, whether residing here under duress or not, to be
free from the City of Wichita, City Council Member District III, James
Clendenin:  City of Wichita, State of Kansas making and enforcing <u>Wichita
City Ordinance, Chapter 5.20.- Camping on Public Property Without A
Permit</u> which is a law which is discriminatory and only enforced against the
homeless and thereby denies Plaintiff equal protection of the laws.  <u>(U.S.
Const., Amend 14, Section 1 "All persons born or naturalized in the United
States, and subject to the jurisdiction thereof, are citizens of the United
States and of the State wherein they reside. No State shall make or enforce
any law which shall…deny to any person within its jurisdiction the equal
protection of the laws.")</u>

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of
use of his property indefinitely and lost his job and employ ability and was
subsequently forced to panhandle to survive. Plaintiff claims actual damages due
to loss property and it's use and loss of quality of life plus punitive damages.

3) <u>Plaintiff claims U. S Constitutional violations and deprivations damages at
$20,000.00 per violation or deprivation.</u>

## DEFENDANT # 4; City of Wichita, City Council Jeff Blubaugh; Council Member District IV

1) Plaintiff claims that City of Wichita, City Council Member District IV, Jeff

Blubaugh; did under color of law and/or in his individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then voting for on or about June 21, 2013 for the passage of <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. <u>(U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…").</u>

b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (<u>U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause,</u>

<u>supported by Oath or affirmation, and particularly describing the place</u>

<u>to be searched, and the persons or things to be seized")</u>

c.  **Amendment V**: Plaintiff had a right to not be deprived of his campsite,

moped, or his liberties/person (forced internment) without a notice and

due process of law <u>(U.S. Const., Amend. 5; "No person shall... be</u>

<u>deprived of life, liberty, or property, without due process of law;)</u>

d.  **Amendment IX**; Plaintiff had a right to be homeless, which is not a

crime, and for which cannot be criminalized, which is not enumerated in

the U. S. Constitution and the failure of the right to homeless not being

enumerated in the U. S. Constitution shall not be construed to deny or

disparage the right retained by the Plaintiff. <u>(U. S. Const., Amend 9,</u>

<u>"The enumeration in the Constitution, of certain rights, shall not be</u>

<u>construed to deny or disparage others retained by the people.")</u>

e.  **Amendment XIV, Section 1**;  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita, City Council Member District

IV, Jeff Blubaugh; City of Wichita, State of Kansas making and

enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public</u>

<u>Property Without A Permit</u>  which abridges the privileges and/or

immunities of the Plaintiff; and that City of Wichita, City Council

Member District IV, Jeff Blubaugh; City of Wichita, State of Kansas,
shall not deprive Plaintiff of his property (Campsite and moped) or his
liberties (Forced Internment) without notice and due process of law  (U.
S. Const., Amend 14, Section 1, "All persons born or naturalized in the
United States, and subject to the jurisdiction thereof, are citizens of the
United States and of the State wherein they reside. No State shall make
or enforce any law which shall abridge the privileges or immunities of
citizens of the United States; nor shall any State deprive any person of
life, liberty, or property, without due process of law…")

f.  **Amendment XIV; Section 1**:  Plaintiff had a right as a natural born U.
S. Citizen of the United States of America and presently residing in the
City of Wichita, State of Kansas, whether residing here under duress or
not, to be free from the City of Wichita, City Council Member District
IV, Jeff Blubaugh; City of Wichita, State of Kansas making and
enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public
Property Without A Permit which is a law which is discriminatory and
only enforced against the homeless and thereby denies Plaintiff equal
protection of the laws.  (U.S. Const., Amend 14, Section 1 "All persons
born or naturalized in the United States, and subject to the jurisdiction
thereof, are citizens of the United States and of the State wherein they
reside. No State shall make or enforce any law which shall…deny to any

person within its jurisdiction the equal protection of the laws.")

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

## DEFENDANT #5;   City of Wichita, City Council Bryan Frye; Council Member District V

1) Plaintiff claims that City of Wichita, City Council Member District V, Bryan Frye; did under color of law and/or in his individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then voting for on or about June 21, 2013 for the passage of Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

    a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or

freedom of religion, and or freedom of peaceable assembly. (U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…").

b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized")

c. **Amendment V:** Plaintiff had a right to not be deprived of his campsite, moped, or his liberties/person (forced internment) without a notice and due process of law (U.S. Const., Amend. 5; "No person shall… be deprived of life, liberty, or property, without due process of law;)

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitution and the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or

disparage the right retained by the Plaintiff. (U. S. Const., Amend 9,
"The enumeration in the Constitution, of certain rights, shall not be
construed to deny or disparage others retained by the people.")

e. **Amendment XIV, Section 1**;  Plaintiff had a right as a natural born U.
S. Citizen of the United States of America and presently residing in the
City of Wichita, State of Kansas, whether residing here under duress or
not, to be free from the City of Wichita, City Council Member District
V, Bryan Frye; City of Wichita, State of Kansas making and enforcing
Wichita City Ordinance, Chapter 5.20.- Camping on Public Property
Without A Permit  which abridges the privileges and/or immunities of
the Plaintiff; and that City of Wichita, City Council Member District V,
Bryan Frye; City of Wichita, State of Kansas, shall not deprive Plaintiff
of his property (Campsite and moped) or his liberties (Forced
Internment) without notice and due process of law  (U. S. Const.,
Amend 14, Section 1, "All persons born or naturalized in the United
States, and subject to the jurisdiction thereof, are citizens of the United
States and of the State wherein they reside. No State shall make or
enforce any law which shall abridge the privileges or immunities of
citizens of the United States; nor shall any State deprive any person of
life, liberty, or property, without due process of law…")

f. **Amendment XIV; Section 1**:  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District V, Bryan Frye; City of Wichita, State of Kansas making and enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws. <u>(U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws.")</u>

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

**<u>DEFENDANT #6;</u> City of Wichita, City Council and Vice Mayor; Janet Miller; Council Member, District VI**

1) Plaintiff claims that City of Wichita, City Council Member District VI an Vice Mayor, Janet Miller; did under color of law and/or in her individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then voting for on or about June 21, 2013 for the passage of <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. <u>(U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…"</u>).

   b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) <u>(U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not</u>

be violated, and no Warrants shall issue, but upon probable cause,
supported by Oath or affirmation, and particularly describing the place
to be searched, and the persons or things to be seized")

c. **Amendment V**: Plaintiff had a right to not be deprived of his campsite,
moped, or his liberties/person (forced internment) without a notice and
due process of law (U.S. Const., Amend. 5; "No person shall… be
deprived of life, liberty, or property, without due process of law;)

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a
crime, and for which cannot be criminalized, which is not enumerated in
the U. S. Constitution and the failure of the right to homeless not being
enumerated in the U. S. Constitution shall not be construed to deny or
disparage the right retained by the Plaintiff. (U. S. Const., Amend 9,
"The enumeration in the Constitution, of certain rights, shall not be
construed to deny or disparage others retained by the people.")

e. **Amendment XIV, Section 1;**  Plaintiff had a right as a natural born U.
S. Citizen of the United States of America and presently residing in the
City of Wichita, State of Kansas, whether residing here under duress or
not, to be free from the City of Wichita, City Council Member District
VI and Vice Mayor, Janet Miller; City of Wichita, State of Kansas
making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping
on Public Property Without A Permit  which abridges the privileges

and/or immunities of the Plaintiff; and that City of Wichita, City Council Member District VI and Vice Mayor, Janet Miller; City of Wichita, State of Kansas, shall not deprive Plaintiff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law  (U. S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…")

f.  **Amendment XIV; Section 1**:  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Council Member District VI and Vice Mayor, Janet Miller; City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws.  (U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of

the State wherein they reside. No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws.")

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

## DEFENDANT #7; City of Wichita, City Mayor; Jeff Longwell

1) Plaintiff claims that City of Wichita, City Mayor; Jeff Longwell; did under color of law and/or in her individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then voting for on or about June 21, 2013 for the passage of Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or

freedom of religion, and or freedom of peaceable assembly. (<u>U.S.</u>
<u>Const., Amend 1; "Congress shall make no law respecting an</u>
<u>establishment of religion, or prohibiting the free exercise thereof; or</u>
<u>abridging the freedom of speech... or the right of the people peaceably</u>
<u>to assemble...").</u>

b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his
moped and his person and free from search and seizure of his campsite
property; his moped, and his person (forced internment) (<u>U.S. Const.,</u>
<u>Amend 4 ; "The right of the people to be secure in their persons, houses,</u>
<u>papers, and effects, against unreasonable searches and seizures, shall not</u>
<u>be violated, and no Warrants shall issue, but upon probable cause,</u>
<u>supported by Oath or affirmation, and particularly describing the place</u>
<u>to be searched, and the persons or things to be seized")</u>

c. **Amendment V:** Plaintiff had a right to not be deprived of his campsite,
moped, or his liberties/person (forced internment) without a notice and
due process of law<u> (U.S. Const., Amend. 5; "No person shall... be</u>
<u>deprived of life, liberty, or property, without due process of law;)</u>

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a
crime, and for which cannot be criminalized, which is not enumerated in
the U. S. Constitutionand the failure of the right to homeless not being
enumerated in the U. S. Constitution shall not be construed to deny or

disparage the right retained by the Plaintiff. (U. S. Const., Amend 9,

"The enumeration in the Constitution, of certain rights, shall not be

construed to deny or disparage others retained by the people.")

e.  **Amendment XIV, Section 1;**  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita, City Council Member District I,

Lavonta Williams City of Wichita, State of Kansas making and

enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public

Property Without A Permit  which abridges the privileges and/or

immunities of the Plaintiff; and that City of Wichita, City Mayor; Jeff

Longwell; City of Wichita, State of Kansas, shall not deprive Plaintiff of

his property (Campsite and moped) or his liberties (Forced Internment)

without notice and due process of law  (U. S. Const., Amend 14, Section

1, "All persons born or naturalized in the United States, and subject to

the jurisdiction thereof, are citizens of the United States and of the State

wherein they reside. No State shall make or enforce any law which shall

abridge the privileges or immunities of citizens of the United States; nor

shall any State deprive any person of life, liberty, or property, without

due process of law…")

f.  **Amendment XIV; Section 1:**  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita, City Mayor; Jeff Longwell; City of Wichita, State of Kansas making and enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws. <u>(U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws.")</u>

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

**DEFENDANT #10; City of Wichita Police Department Hot Team Officer Nate Schiethale**

1) Plaintiff claims that City of Wichita Police Department Hot Team Officer Nate Schiethale; did under color of law and/or in his individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then advocating for on or about June 21, 2013 for the passage of <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> and then actually depriving Plaintiff of his property (campsite) from the location of 6919 E. Osie Circle, Wichita, Kansas on February 19, 2016; and actually depriving Plaintiff of his moped (on or about Thursday, May 26th, 2016 through Friday, May 27th, 2016) and forcibly interning Plaintiff into the Wichita shelter system violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. <u>(U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…")</u>.

   b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his

moped and his person and free from search and seizure of his campsite

property; his moped, and his person (forced internment) (<u>U.S. Const.,</u>

<u>Amend 4 ; "The right of the people to be secure in their persons, houses,</u>

<u>papers, and effects, against unreasonable searches and seizures, shall not</u>

<u>be violated, and no Warrants shall issue, but upon probable cause,</u>

<u>supported by Oath or affirmation, and particularly describing the place</u>

<u>to be searched, and the persons or things to be seized")</u>

c. **<u>Amendment V</u>:** Plaintiff had a right to not be deprived of his campsite,

moped, or his liberties/person (forced internment) without a notice and

due process of law <u>(U.S. Const., Amend. 5; "No person shall… be</u>

<u>deprived of life, liberty, or property, without due process of law;)</u>

d. **<u>Amendment IX;</u>** Plaintiff had a right to be homeless, which is not a

crime, and for which cannot be criminalized, which is not enumerated in

the U. S. Constitution and the failure of the right to homeless not being

enumerated in the U. S. Constitution shall not be construed to deny or

disparage the right retained by the Plaintiff. <u>(U. S. Const., Amend 9,</u>

<u>"The enumeration in the Constitution, of certain rights, shall not be</u>

<u>construed to deny or disparage others retained by the people.")</u>

e. **<u>Amendment XIV, Section 1</u>;** Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita Police Department Hot Team

Officer Nate Schiethale; City of Wichita, State of Kansas making and

enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public

Property Without A Permit  which abridges the privileges and/or

immunities of the Plaintiff; and that City of Wichita Police Department

Hot Team Officer Nate Schiethale; City of Wichita, State of Kansas,

shall not deprive Plaintiff of his property (Campsite and moped) or his

liberties (Forced Internment) without notice and due process of law  (U.

S. Const., Amend 14, Section 1, "All persons born or naturalized in the

United States, and subject to the jurisdiction thereof, are citizens of the

United States and of the State wherein they reside. No State shall make

or enforce any law which shall abridge the privileges or immunities of

citizens of the United States; nor shall any State deprive any person of

life, liberty, or property, without due process of law…")

f.  **Amendment XIV; Section 1:**  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita, City of Wichita Police

Department Hot Team Officer Nate Schiethale; City of Wichita, State of

Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.-

Camping on Public Property Without A Permit which is a law which is

discriminatory and only enforced against the homeless and thereby

denies Plaintiff equal protection of the laws.  (U.S. Const., Amend 14,

Section 1 "All persons born or naturalized in the United States, and

subject to the jurisdiction thereof, are citizens of the United States and of

the State wherein they reside. No State shall make or enforce any law

which shall…deny to any person within its jurisdiction the equal

protection of the laws.")

2) Plaintiff claims that on November 15, 2016 at the approximate location of 101

S. Mead St. City of Wichita Police Department Hot Team Officer Nate

Schiethale; did under color of law and/or in his individual capacity, did with

malicious intent, and/or wanton misconduct, and/or with reckless disregard

violated Plaintiff's rights under the **U.S. Constitution** by enforcing Wichita

City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit

thereby violating and depriving Plaintiff of rights under the following

Amendments of the  **U. S. Constitution:**

    a. **<u>Amendment I:</u>** Plaintiff has the right to choose to be homeless as a

       matter of freedom of speech, and/or freedom of expression, and/or

       freedom of religion, and or freedom of peaceable assembly and a right to

       remain at the approximate location of 101 S. Mead St. becuase he had

       permission to do so. (U.S. Const., Amend 1; "Congress shall make no

       law respecting an establishment of religion, or prohibiting the free

exercise thereof; or abridging the freedom of speech... or the right of the

people peaceably to assemble...").

b. **Amendment IV:** Plaintiff had a right to be secure his person and free

from search and seizure of his person at the approximate location of 101

S. Mead St. because he had permission to be there and had not done

anything wherein City of Wichita Police Department Hot Team Officer

Nate Schiethale had a Reasonable Articulated Suspicion tthat Plaintiff

had committed a crime except for enforcing Wichita City Ordinance,

Chapter 5.20.- Camping on Public Property Without A Permit whereby

at the approximate location of 101 S. Mead St. WAS NOT "Public

Property but was PRIVATE PROPERTY.  (U.S. Const., Amend 4 ; "The

right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures, shall not be violated,

and no Warrants shall issue, but upon probable cause, supported by Oath

or affirmation, and particularly describing the place to be searched, and

the persons or things to be seized")

c. **Amendment V:, Plaintiff had a right to remain silent and free from**

**testifying against himself or answering any of** City of Wichita Police

Department Hot Team Officer Nate Schiethale's questions even if the

answers did not incriminate Plaintiff; and also City of Wichita Police

Department Hot Team Officer Nate Schiethale violated Plaintiff's rights

to remain silent by using threats and coercion to manipulate Plaintiff to answer the questions.( **No person...shall be compelled in any criminal case to be a witness against himself...nor be deprived of ... liberty...without due process of law...) (See also Miranda v. Arizona, 384 US 436 (1966)**

d. **Amendment VI**    Plaintiff had a right to the Wichita Police Department body camera video which City of Wichita Police Department Hot Team Officer Nate Schiethale either violated police procedures and policies and did not record or did suppress or destroy the portion of the video in question which is also a violation of police policies and procedures which violated Plaintiff's right to crucial evidence and would have been evidence (witness) in Plaintiff's favor. (U.S Const.; Amend. 6; "In all criminal prosecutions, the accused shall...be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor...")

e. **Amendment IX:** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitution and the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or disparage the right retained by the Plaintiff. (U. S. Const., Amend 9,

<u>"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."</u>)

f.  **Amendment XIV; Section 1:** Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita Police Department Hot Team Officer Nate Schiethale; City of Wichita, State of Kansas enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> at the approximate location of 101 S. Mead St. WAS NOT "Public Property but was PRIVATE PROPERTY, which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita Police Department Hot Team Officer Nate Schiethale; City of Wichita, State of Kansas, shall not deprive Plaintiff of his liberties without notice and due process of law <u>(U. S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law..."</u>)

g. **Amendment XIV; Section 1:**   Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita, City of Wichita Police

Department Hot Team Officer Nate Schiethale; City of Wichita, State of

Kansas enforcing Wichita City Ordinance, Chapter 5.20.- Camping on

Public Property Without A Permit at the approximate location of 101 S.

Mead St. WAS NOT "Public Property but was PRIVATE PROPERTY

which is a law which is discriminatory and was only enforced against

the Plaintiff and thereby denied Plaintiff equal protection of the laws.

(U.S. Const., Amend 14, Section 1 "All persons born or naturalized in

the United States, and subject to the jurisdiction thereof, are citizens of

the United States and of the State wherein they reside. No State shall

make or enforce any law which shall…deny to any person within its

jurisdiction the equal protection of the laws.")

   3) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss

of use of his property indefinitely and lost his job and employ ability and was

subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss

property and it's use and loss of quality of life plus punitive damages.

   4)  Plaintiff claims U. S Constitutional violations and deprivations damages at

$20,000.00 per violation or deprivation.

**DEFENDANT #11;** **City of Wichita Police Department Hot Team Officer and HOT Team immediate supervisor Sgt. Bret Stull**

1) Plaintiff claims that City of Wichita Police Department Hot Team Officer and HOT Team immediate supervisor Sgt. Bret Stull; did under color of law and/or in his individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then advocating for on or about June 21, 2013 for the passage of Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit and then actually depriving Plaintiff of his property (campsite) from the location of 6919 E. Osie Circle, Wichita, Kansas on February 19, 2016; and actually depriving Plaintiff of his moped (on or about Thursday, May 26th, 2016 through Friday, May 27th, 2016) and forcibly interning Plaintiff into the Wichita shelter system violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. (U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or

abridging the freedom of speech… or the right of the people peaceably to assemble…").

b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized")

c. **Amendment V**: Plaintiff had a right to not be deprived of his campsite, moped, or his liberties/person (forced internment) without a notice and due process of law (U.S. Const., Amend. 5; "No person shall… be deprived of life, liberty, or property, without due process of law;)

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitution and the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or disparage the right retained by the Plaintiff. (U. S. Const., Amend 9, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.")

e. **Amendment XIV, Section 1**; Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita Police Department Hot Team Officer and HOT Team immediate supervisor Sgt. Bret Stull; City of Wichita, State of Kansas making and enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita Police Department Hot Team Officer and HOT Team immediate supervisor Sgt. Bret Stull; City of Wichita, State of Kansas, shall not deprive Plaintiff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law <u>(U. S. Const., Amend 14, Section 1</u>, "<u>All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…</u>")

f. **Amendment XIV; Section 1:** Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita Police Department Hot Team

Officer and HOT Team immediate supervisor Sgt. Bret Stull; City of

Wichita, State of Kansas making and enforcing Wichita City Ordinance,

Chapter 5.20.- Camping on Public Property Without A Permit which is a

law which is discriminatory and only enforced against the homeless and

thereby denies Plaintiff equal protection of the laws. (U.S. Const.,

Amend 14, Section 1 "All persons born or naturalized in the United

States, and subject to the jurisdiction thereof, are citizens of the United

States and of the State wherein they reside. No State shall make or

enforce any law which shall...deny to any person within its jurisdiction

the equal protection of the laws."

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of

use of his property indefinitely and lost his job and employ ability and was

subsequently forced to panhandle to survive. Plaintiff claims actual damages

due to loss property and it's use and loss of quality of life plus punitive

damages.

Plaintiff claims U. S Constitutional violations and deprivations damages at

$20,000.00 per violation or deprivation.

## DEFENDANT #12: City of Wichita Police Department Hot Team Officer Lisa Berg

1) Plaintiff claims that City of Wichita Police Department Hot Team Officer Lisa

Berg; did under color of law and/or in his individual capacity, did with

malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then advocating for on or about June 21, 2013 for the passage of Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit and then actually depriving Plaintiff of his property (campsite) from the location of 6919 E.  Osie Circle, Wichita, Kansas on February 19, 2016; and actually depriving Plaintiff of his moped (on or about Thursday, May 26th, 2016 through Friday, May 27th, 2016) and forcibly interning Plaintiff into the Wichita shelter system violating and depriving Plaintiff of rights under the following Amendments of the  **U. S. Constitution:**

   a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. (U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…").

   b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (U.S. Const.,

Amend 4 ; "<u>The right of the people to be secure in their persons, houses,</u>

<u>papers, and effects, against unreasonable searches and seizures, shall not</u>

<u>be violated, and no Warrants shall issue, but upon probable cause,</u>

<u>supported by Oath or affirmation, and particularly describing the place</u>

<u>to be searched, and the persons or things to be seized")</u>

c. **Amendment V**: Plaintiff had a right to not be deprived of his campsite,

moped, or his liberties/person (forced internment) without a notice and

due process of law <u>(U.S. Const., Amend. 5; "No person shall… be</u>

<u>deprived of life, liberty, or property, without due process of law;)</u>

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a

crime, and for which cannot be criminalized, which is not enumerated in

the U. S. Constitution and the failure of the right to homeless not being

enumerated in the U. S. Constitution shall not be construed to deny or

disparage the right retained by the Plaintiff. <u>(U. S. Const., Amend 9,</u>

<u>"The enumeration in the Constitution, of certain rights, shall not be</u>

<u>construed to deny or disparage others retained by the people.")</u>

e. **Amendment XIV, Section 1**;  Plaintiff had a right as a natural born U.

S. Citizen of the United States of America and presently residing in the

City of Wichita, State of Kansas, whether residing here under duress or

not, to be free from the City of Wichita Police Department Hot Team

Officer Lisa Berg; City of Wichita, State of Kansas making and

enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u>  which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita Police Department Hot Team Officer Lisa Berg; City of Wichita, State of Kansas, shall not deprive Plaintiff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law  <u>(U. S. Const., Amend 14, Section 1</u>, <u>"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…")</u>

f. **<u>Amendment XIV; Section 1:</u>**  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita Police Department Hot Team Officer Lisa Berg; City of Wichita, State of Kansas making and enforcing <u>Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit</u> which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws. <u>(U.S. Const., Amend 14, Section 1 "All persons</u>

born or naturalized in the United States, and subject to the jurisdiction

thereof, are citizens of the United States and of the State wherein they

reside. No State shall make or enforce any law which shall...deny to any

person within its jurisdiction the equal protection of the laws."

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

## **DEFENDANT #13;** **City of Wichita Police Department Hot Team Officer Dave Neinstedt**

1) Plaintiff claims that City of Wichita Police Department Hot Team Officer Dave Neinstedt; did under color of law and/or in his individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard violated Plaintiff's rights under the **U.S. Constitution** by conspiring with other members of the city council and members of the Wichita Police Department and then advocating for on or about June 21, 2013 for the passage of Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit and then actually depriving Plaintiff of his property (campsite) from the

location of 6919 E. Osie Circle, Wichita, Kansas on February 19, 2016; and actually depriving Plaintiff of his moped (on or about Thursday, May 26th, 2016 through Friday, May 27th, 2016) and forcibly interning Plaintiff into the Wichita shelter system violating and depriving Plaintiff of rights under the following Amendments of the **U. S. Constitution:**

    a. **Amendment I;** Plaintiff has the right to choose to be homeless as a matter of freedom of speech, and/or freedom of expression, and/or freedom of religion, and or freedom of peaceable assembly. (U.S. Const., Amend 1; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech… or the right of the people peaceably to assemble…").

    b. **Amendment IV:** Plaintiff had a right to be secure in his campsite, his moped and his person and free from search and seizure of his campsite property; his moped, and his person (forced internment) (U.S. Const., Amend 4 ; "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized")

    c. **Amendment V:** Plaintiff had a right to not be deprived of his campsite,

moped, or his liberties/person (forced internment) without a notice and due process of law (U.S. Const., Amend. 5; "No person shall… be deprived of life, liberty, or property, without due process of law;)

d. **Amendment IX;** Plaintiff had a right to be homeless, which is not a crime, and for which cannot be criminalized, which is not enumerated in the U. S. Constitution and the failure of the right to homeless not being enumerated in the U. S. Constitution shall not be construed to deny or disparage the right retained by the Plaintiff. (U. S. Const., Amend 9, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.")

e. **Amendment XIV, Section 1;**  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita Police Department Hot Team Officer Dave Neinstedt; City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit  which abridges the privileges and/or immunities of the Plaintiff; and that City of Wichita Police Department Hot Team Officer Dave Neinstedt; City of Wichita, State of Kansas, shall not deprive Plaintiff of his property (Campsite and moped) or his liberties (Forced Internment) without notice and due process of law  (U.

S. Const., Amend 14, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law…")

f. **Amendment XIV; Section 1:**  Plaintiff had a right as a natural born U. S. Citizen of the United States of America and presently residing in the City of Wichita, State of Kansas, whether residing here under duress or not, to be free from the City of Wichita Police Department Hot Team Officer Dave Neinstedt; City of Wichita, State of Kansas making and enforcing Wichita City Ordinance, Chapter 5.20.- Camping on Public Property Without A Permit which is a law which is discriminatory and only enforced against the homeless and thereby denies Plaintiff equal protection of the laws.  (U.S. Const., Amend 14, Section 1 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws."

2) Plaintiff has suffered loss of his camping equipment/motorcycle and the loss of use of his property indefinitely and lost his job and employ ability and was

subsequently forced to panhandle to survive. Plaintiff claims actual damages due to loss property and it's use and loss of quality of life plus punitive damages.

3) Plaintiff claims U. S Constitutional violations and deprivations damages at $20,000.00 per violation or deprivation.

## IV.    **RELIEF:**

A) Plaintiff seeks determination on the Constitutionality City of Wichita City Ordinance Chapter 5.20- CAMPING ON PUBLIC PROPERTY WITHOUT A PERMIT and wherein a determination is forthcoming that the ordinance is unconstitutional that an order be issued to the City of Wichita to cease and desist its enforcement and repeal the ordinance be repealed entirety and immediately.

B) Plaintiff seeks a revisiting of the Constitutionality of the "no beds, no arrest" standard presently used to determine the Constitutionality of"camping laws" and a determination of the standard's Constitutionality and an order reflecting the opinion of the Court.

C) Plaintiff seeks the permanent dissolution and disbanding of the Homeless Outreach Team and the resignation or termination of all Wichita Police Officers or civilians involved/associated with the HOT Team.

D) Plaintiff seeks $2,000,000.00 independent of other potential relief cash settlement and in exchange he shall waiver his right to be homeless within the jurisdiction of the City of Wichita.

E) Plaintiff seeks $15,000.00 cash actual damages for the unconstitutional deprivation of his property from his campsite and his moped, plus actual damages for daily loss of use of that property, plus loss of job, plus loss of quality of life damages, plus punitive damages, either from the defendants collectively or individually.

F) Plaintiff seeks $20,000.00 for each Constitutional violation proven and against each defendant individually for which violation is proven.

G) And any other damages this Honorable Court deems reasonable and prudent

**V.        Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?  YES.**

**VI.        Do you claim actual damages for the acts alleged in your complaint? YES.**

**VII.        Do you claim punitive monetary damages?  YES.**

**If you answered yes, state the amounts claimed and reasons you claim you are entitled to recover money damages:**

Plaintiff claims punitive damages because each defendant named herein has knowingly acted in a premeditated and calculated manner, under color of law and/or in his/her individual capacity, did with malicious intent, and/or wanton misconduct, and/or with reckless disregard for the Plaintiff's U. S. Constitutional rights, his property, his liberties and his life; did conspire with other members of the city council and/or members of the Wichita Police Department, and the City of Wichita Police Department

HOT Team, the media and homeless service providers in the City of Wichita, as well as State Representatives.

**VIII.**        **Administrative Procedures:**        <u>**None**</u>

**IX.**        **Related litigation:**

This is a refiling to claims dismissed without prejudice. (See Case 6:17-cv-01127-EFM-GEB   Document 21   Filed 05/02/18

(Signature of Plaintiff)

<u>Michael T. Cochran</u>

Name

<u>Homeless</u>

Address

**<u>DESIGNATION OF PLACE OF TRIAL</u>**

Plaintiff designates this Honorable Court; Wichita, Kansas, as place of trial in this matter.

**<u>REQUEST FOR TRIAL BY JURY</u>**

Plaintiff reserves the right to request trial by jury

Signature of Plaintiff

Dated; _____ May 9, 2018 _____