# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL T. COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-1132-JWB-KGG |
| | ) | |
| CITY OF WICHITA, KANSAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## <u>MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES</u>

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Michael T. Cochran has also filed a short form Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed).  After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application.

## <u>ANALYSIS</u>

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he 56 and single with no dependents.  (Doc. 5, sealed, at 1-2.)  He states that he is homeless with no current employment.  (*Id*.)  He does not own real property or an automobile.[1]  (*Id*., at 3, 4.)  He lists no government benefits and only a small amount of cash on hand.

---

[1]  The Court notes that Plaintiff alleges his moped was stolen while he was "forcefully interned" in a homeless shelter and that the loss of this moped resulted in him losing his employment.  (*See* Doc. 1, at 8.)

(*Id.*, at 4-5.) Monthly phone service and rental on a storage unit are his only listed expenses. (*Id.*, at 5.) He has never filed for bankruptcy. (*Id.*, at 6.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 4, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of June, 2018.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge