**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 28, 2019**

_____

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| MICHAEL T. COCHRAN,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CITY OF WICHITA, KANSAS; LAVONTA WILLIAMS, City of Wichita, City Council Person; Council Member District I; PETE MEITZNER, City of Wichita, City Council; Council Member District II; JAMES CLENDENIN, City of Wichita, City Council; Council Member District III; JEFF BLUBAUGH, City of Wichita, City Council; Council Member District IV; BRYAN FRYE, City of Wichita, City Council; Council Member District V; JANET MILLER, City of Wichita, City Council and Vice Mayor; Council Member, District VI; JEFF LONGWELL, City of Wichita, City Mayor; NATE SCHIETHALE, City of Wichita Police Department HOT Team Officer; SGT. BRETT STULL, City of Wichita Police Department HOT Team Officer; LISA BERG, City of Wichita Police Department HOT Team Officer; DAVE NEINSTEDT, City of Wichita Police Department HOT Team Officer,<br><br>    Defendants - Appellees. | No. 18-3222<br>(D.C. No. 6:18-CV-01132-JWB-KGG)<br>(D. Kan.) |

_____

# ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Mr. Michael Cochran, the plaintiff, camped on the City of Wichita's property. He was apparently unaware that in 2013, the city had enacted an ordinance that prohibited camping on public property unless the camper had a temporary permit or was homeless and unable to sleep in an appropriate shelter. Wichita City Code § 5.20.020. Mr. Cochran invoked 42 U.S.C. § 1985, suing the mayor, the city, the members of the city council, and four city police officers. The district court dismissed the action for failure to state a valid claim, and we affirm.

**1.   The Alleged Conspiracy to Violate Mr. Cochran's Civil Rights**

The city council enacted the ordinance in 2013. Mr. Cochran alleges that

- in 2016 he slept in a tent on city property and

---

[*]   Oral argument would not materially help us to decide this appeal. We have therefore decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

2

- all of his belongings were taken.

He then allegedly tried to find out if the city had taken the property. He first contacted a police officer, Lisa Berg. She allegedly denied knowing whether the city had taken the property and promised to check. But Mr. Cochran alleges that she never called him back.

Without his property, Mr. Cochran was allegedly forced to sleep at an overflow shelter. While Mr. Cochran stayed there, someone stole his moped. He reported this theft to the Wichita Police Department but did not receive a response.

Roughly six months after the theft of his moped, Mr. Cochran was allegedly questioned by a second city police officer, Nate Schiethale. Officer Schiethale did not arrest Mr. Cochran.

2. **Standard of Review**

We engage in de novo review of the dismissal. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). In applying de novo review, we consider whether the factual allegations in the complaint create a facially plausible claim. *Id.*

3. **Failure to State a Valid Claim Under § 1985**

Mr. Cochran relies solely on 42 U.S.C. § 1985,[1] which provides a cause of action for conspiracy to violate civil rights. The § 1985 claim is

---

[1] Because Mr. Cochran is pro se, the district court liberally construed the complaint to include claims under 42 U.S.C. § 1983. But in district

3

based on the city council members' enactment of the ordinance[2] and Mr. Cochran's interactions with two city police officers after his belongings were taken.

We begin with Mr. Cochran's conspiracy allegations against the police officers. On this part of the claim, Mr. Cochran needed to allege facts creating a plausible inference of an agreement and concerted action. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994); *Langley v. Adams Cty.*, 987 F.2d 1473, 1482 (10th Cir. 1993). Mr. Cochran alleged an agreement

- among the police officers or
- between the officers and the city council members.

The district court regarded these allegations as conclusory, and we agree.[3] *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (per

---

court, Mr. Cochran expressly disavowed an intent to rely on § 1983. *See* R. at 134 (the plaintiff's heading, "Plaintiff Has Not Brought Any Allegations Pursuant to 42 U.S.C. § 1983"). Though the district court needed to liberally construe the complaint, the court could not act as an advocate for Mr. Cochran. *E.g.*, *Ford v. Pryor*, 552 F.3d 1174, 1177 (10th Cir. 2008). And on appeal, Mr. Cochran has continued to rely solely on § 1985. We thus decline to consider whether the complaint contained an adequately pleaded claim under § 1983.

[2]   In district court, Mr. Cochran consented to dismissal of his claims against the city and his claims against the other defendants in their official capacities.

[3]   Mr. Cochran argues that the district court failed to liberally construe his arguments, but courts cannot relieve plaintiffs of their burden to allege "sufficient facts on which a recognized legal claim could be based."

4

curiam) (concluding that the allegations in the complaint did not show an agreement or concerted action).

In the complaint, Mr. Cochran did not even mention any acts by two of the police officers named as defendants (Brett Stull and Dave Nienstadt). Mr. Cochran alleged that he had talked to Lisa Berg and Nate Schiethale but did not allege any facts suggesting that they had

- participated in taking Mr. Cochran's property or
- entered into any agreement to do so.

Furthermore, the officers' alleged failure to help Mr. Cochran recover his property would not have violated Mr. Cochran's constitutional rights. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989). Mr. Cochran has thus failed to state a valid conspiracy claim against any of the police officers.

Mr. Cochran also alleges a conspiracy between the city council members resulting in passage of the city ordinance in 2013. The district court ruled that a two-year period of limitations exists, and Mr. Cochran does not argue to the contrary. *See* Kan. Stat. Ann. § 60-513. He also

---

*Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 800 (2019). Mr. Cochran also blames a magistrate judge in an earlier case, who told him that he didn't need to present supporting evidence at the pleading stage. The magistrate judge was correct. In a complaint the plaintiff need not present evidence, but he or she must plead facts and cannot rely on conclusory allegations. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

acknowledges that he sued more than two years after the city had enacted the ordinance.[4] Given the dates in the complaint, the district court could order dismissal if these dates showed that the limitations period had expired. *See Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) ("Although timeliness is an affirmative defense, if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." (citation, ellipsis, & internal quotation marks omitted)).

Mr. Cochran's complaint shows that it was filed more than two years after enactment of the ordinance. But Mr. Cochran argues that the theft of his moped and the removal of his campsite were overt acts continuing the conspiracy into 2016.[5] But Mr. Cochran has failed to plausibly allege

- any acts by the city council members after 2013 or
- the police officers' entry into a conspiracy with any city council members.

---

[4] This lawsuit began in 2018. Mr. Cochran had filed another suit in 2017, which the district court dismissed without prejudice for failing to comply with Fed. R. Civ. P. 8. Under some circumstances, the filing of a prior suit might extend the time to sue under Kansas's statute of limitations. Kan. Stat. Ann. § 60-518. Here, though, the earlier suit was also filed more than two years after enactment of the ordinance in 2013.

[5] Because this is Mr. Cochran's only argument on timeliness, we need not address the viability of other possible arguments.

6

The officers' alleged acts in 2016 thus cannot extend the limitations period. So Mr. Cochran has not presented a basis to disturb the district court's determination on timeless as to the claims against the city council members.

\* \* \*

A conspiracy to enact the ordinance is not actionable because Mr. Cochran has not shown on appeal that the limitations period was extended by an ongoing conspiracy . And Mr. Cochran's other conspiracy allegations against the police officers are conclusory. We thus conclude that the district court did not err in dismissing the claims under § 1985.

                                         Entered for the Court

                                         Robert E. Bacharach
                                         Circuit Judge